UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TRACY LEE SELVY, | ) |
|       Petitioner, | ) |
| vs. | ) Case No. 1:11CV00189 SNLJ |
| UNITED STATES OF AMERICA, | ) |
|       Respondent. | ) |

**MEMORANDUM AND ORDER**

This case is a motion under 28 U.S. C. § 2255 to vacate, set aside or correct sentence by Tracy Lee Selvy, a person in federal custody. On June 24, 2009, Selvy plead guilty before this Court to the offense of Conspiracy to Distribute Marijuana, Conspiracy to Distribute Heroin and Purchase of Real Estate with Proceeds of a Drug Trafficking Crime, and on September 11, 2009, this Court sentenced Selvy to the Bureau of Prisons for a term of 60 momths for Count I and 188 months as to Counts II and III, a sentence within the sentencing guideline range. Selvy filed his § 2255 action pro se to which the government filed a response, and thereafter petitioner filed a reply prepared by counsel who had entered his appearance in the interim. This matter is fully briefed and ripe for disposition.

    **I.**    **Procedural and Factual History**

    **I.a.**    **Defendant's Arrest on December 12, 2008 and seizure of drugs**

On Friday, December 12, 2008, a Missouri State Highway Patrol Trooper made a traffic stop of a Nissan Pathfinder. The Nissan was being operated by a man named Vincent Davis who consented to a search of the vehicle. In addition, an exterior canine sniff was conducted on the vehicle and the dog alerted to the presence of controlled substances. Davis was the registered

owner of the Pathfinder and Tracy Selvy was a passenger in the vehicle. After the canine's alert to the presence of controlled substances, a subsequent search of the vehicle resulted in the seizure of 2.5 pounds of heroin and approximately 10 pounds of marijuana located in a hidden compartment within the Nissan.

> **I.b. Grand Jury Indictment for Marijuana Distribution Conspiracy and Filing of Motion to Suppress Regarding Evidence Seized on December 12, 2008**

On December 18, 2008, an Indictment was returned by a Grand Jury charging Selvy with Conspiring to Distribute Marijuana beginning at a time unknown, but including in and around September 20, 2008, through November 4, 2008. On December 29, 2008, John P. Rogers entered his appearance on behalf of Selvy. Later, on February 19, 2009, Rogers filed a Motion to Suppress Physical Evidence. (Document 26) The Motion requested the suppression of evidence seized from the Nissan Pathfinder on December 12, 2008, alleging a) "The Stop of the Pathfinder Was Unreasonable in that the Officers Lacked Reasonable Suspicion to Detain Defendant," (Document 26 at p. 3), and b) "Defendant Neither Consented to Officers' Search of the Vehicle Nor of His Luggage," *Id*. at p. 5.

In the Motion to Suppress that was filed on February 10, 2009, Counsel Rogers outlined the following:

> On December 12, 2008, Corporal Douglas McDaniel arrested Defendant and Vincent A. Davis. Defendant was a passenger in a 2006 Nissan Pathfinder driven by Mr. Davis when Corporal McDaniel pulled over the vehicle for alleged traffic violations. McDaniel claimed that Davis exhibited nervous behavior and that Mr. Davis had a piece of what McDaniel believed to be marijuana on his shirt on his pectoral muscle. Mr. McDaniel claims that in answer to his questioning, Davis stated that he was dropping Selvy off in Cape Girardeau and continuing on to St. Louis. McDaniel further claimed that Selvy informed him that he and Davis were going to fix something for Selvy's mother in Cape Girardeau, then heading home to Tennessee.

> McDaniel claims that Davis gave him permission to search the vehicle, at which time McDaniel contacted Officer Jeffrey Bourbon and K-9 Toben. Officer Bourbon states that Toben gave a positive alert on the vehicle, after which Corporal McDaniel began a search of the vehicle. During the search, officer McDaniel alleges he found seven cell phones in the vehicle and that he found signs that the vehicle had been altered. At that time, officer McDaniel had the vehicle moved to a safe location for a more thorough search, handcuffed Davis and Defendant Selvy, and transported them to a holding cell in the Cape Girardeau Police Department. Upon a more detailed search, McDaniel claims that heroin and marijuana were discovered in one non-factory hydraulic compartment, and that two other similar compartments were discovered and opened, but contained no narcotics. Luggage was also found in the vehicle, allegedly containing documents belonging to Defendant and empty packaging consistent with narcotics packing. McDaniel does not indicate in his report that Defendant Selvy granted him permission to search the vehicle nor any of the luggage found in the vehicle.

(Document 26 at pp. 2-3)

After laying out the aforementioned information, which Counsel Rogers explained was "taken from the various police reports given to Defendant by the Government during discovery" (Document 26, fn 1), Counsel Rogers offered argument, including the following:

> In this case, the traffic violations alleged by Corporal McDaniel were non-existent and purely pretextual in nature. Further, Corporal McDaniel had no justification for his and Mr. Davis's continued detention at the time the drug sniffing dog searched the vehicle, at the time Davis consented to the search of the vehicle, and/or at the time drugs were allegedly found in the vehicle.

(Document 26 at pp. 2-3)

### I.c. Entry of New Counsel and Withdrawal of Original Counsel

On April 17, 2009, Steven C. Edelman entered his appearance on behalf of Selvy. (Document 37) Shortly thereafter, on April 20, 2009, original counsel (attorneys Rogers and Rosenblum) filed Motions to Withdraw as Selvy's attorney (Documents 38 and 39). On May 5, 2009, the Motions to Withdraw were granted.

**I.d.     Withdrawal of Previously Filed Motion to Suppress Evidence**

Motions to Continue the Pre-Trial Motions hearing were granted five separate times--on February 19, March 11, March 20, April 6, and April 22, 2009. Ultimately, the Pre-Trial Motion hearing was set for May 13, 2009. (Document 43) On May 11, 2009, however, a "Waiver of Pretrial Motions" (Document 44) was filed, which stated:

> . . .Defendant, by and through counsel. . .informs the Court that there are no issues that the Defendant wishes to pursue by way of his previously filed pretrial motions. Undersigned counsel has received discovery from the Government, and has reviewed the discovery with the Defendant. Upon review of the discovery, counsel believes that it is in Defendant's best interest not to conduct an evidentiary hearing on the previously filed pretrial motions at this time. Undersigned counsel has personally discussed this matter with the Defendant, who agrees and concurs in the decision not to pursue any issues by way of pretrial motions at this time.
>
> Defendant requests leave of Court to withdraw his previously filed pretrial motions. Defendant hereby waives his right to have an evidentiary hearing on said motions.

(Document 44 at p. 1)

**I.e.     Selvy Affirmed Waiver of Pre-Trial Motions based on Plea Negotiations**

During the Pre-Trial Motion hearing on May 13, 2009, Magistrate Judge Lewis Blanton asked Selvy's attorney, Mr. Edelman, if it was Selvy's wish to withdraw the previously filed Motion to Suppress Evidence. (PTM Transcript at p. 2) In response, the following exchange occurred:

> EDELMAN:     That's correct, Your Honor. Mr. Selvy and I have gone through the discovery materials provided by the Government in this case, and after reviewing those materials and discussing his rights to have a hearing on the pretrial motions and have the Government present evidence on them and also taking into consideration we're in ongoing plea negotiations at this time, we would like to withdraw that motion and waive his right to a hearing on that motion with the

|           | understanding that if we don't get an agreement worked out, we're probably back to square one with a superseding indictment, so at this time we're prepared to waive the motion. |
|-----------|---|
| COURT:    | Well, either you're waiving or you're not waiving. Ms. Crites-Leoni? |
| AUSA:     | I think what Mr. Edelman has stated is correct. Based on the plea negotiations that we are undergoing at this time, it does appear to be the appropriate thing for Mr. Selvy to waive, and so I think it is a 100 percent waiver today, and that's based on the understanding that we are going to finalize the terms of the Plea Agreement. If that doesn't happen, things would likely change and there would be a superseding indictment, so - - |
| COURT:    | Oh, Okay. All right. |
| AUSA:     | - - where we are at this point is he's ready to waive because it appears that we are about to complete the terms of the Plea Agreement. |
| COURT:    | Is that correct, Mr. Selvy? |
| SELVY:    | Yes, sir. |
| COURT:    | Okay. Obviously, you know you have the right to file pretrial motions because you have done so. If we proceeded on the motion, at a hearing, the Government would be required to show that any evidence that has been obtained that they want to use against you - - and this is a motion to suppress physical evidence - - they'd be required to show that that evidence had been obtained in accordance with your constitutional rights. Do you understand that? |
| SELVY:    | Yes, sir. |
| COURT:    | And if they could show that, I would deny your motion to suppress and that evidence could be used against you in a trial. Do you understand that? |
| SELVY:    | Yes, sir. |
| COURT:    | If the Government could not show at a hearing that the evidence |

> > that it would plan to use against you in a trial - - if they could not show that that was obtained in accordance with your rights, I would suppress that evidence and it could not be used against you in the trial. Do you understand that?
>
> SELVY: Yes, sir.
>
> COURT: Okay. Now, if you waive your right to a hearing, there won't be any further hearing on pretrial motions, and as a result, whatever evidence the Government has can be used against you in a trial. Do you understand that?
>
> SELVY: Yes, sir.
>
> * * *
>
> COURT: . . .Anyway, as I mentioned, now is the time for either having a hearing or - - as well as having the motion filed. Do you understand that?
>
> SELVY: Yes, sir.
>
> COURT: Okay. Considering everything you and Mr. Edelman have talked about and what we've talked about this morning, let me ask you if it is your desire to waive your right - - to withdraw your motion to suppress physical evidence and to waive your right to a hearing on pretrial motions?
>
> SELVY: Yes, sir.
>
> * * *
>
> COURT: All right. The. . .Court will allow the motion to suppress physical evidence to be withdrawn by the Defendant.

(Waiver/Withdrawal of Pretrial Motions Hearing Transcript at pp. 2-5)

The next day, Magistrate Judge Blanton entered an "Order Finding Waiver of Motions Voluntary." (Document 48) The Order, dated May 13, 2009, stated:

> This matter came before the Court for an evidentiary hearing on pretrial motions on May 13, 2009. The defendant appeared with counsel, and after being advised of the right to file motions and to have an evidentiary hearing, defendant knowingly and voluntarily waived his/her right to file or proceed on pretrial

motions and to an evidentiary hearing. The defendant withdrew all previously
filed pretrial motions. There are no outstanding motions in this matter.
(Document 48 at p. 1)

> **I.f.    Selvy Waived Indictment and Entered a Guilty Plea to three charges:
> Count 1: Conspiracy to Distribute Marijuana between 2006 and November 4,
> 2008, Count 2: Conspiracy to Distribute Heroin between December 11 and
> 12, 2008, and Count 3: Purchasing Real Estate with Proceeds of a Drug
> Trafficking Crime**

On June 24, 2009, Selvy appeared in the United States District Court for the Eastern District of Missouri, Southeastern Division and waived his right to be indicted by a grand jury and entered a plea of guilty to a Superseding Information (Document 51) charging him with two separate drug trafficking conspiracies and one money laundering offense. He also agreed to forfeit $35,000 as drug proceeds. Selvy entered the guilty plea pursuant to the terms of a Plea Agreement,[1] consisting of twenty-two pages. (Plea/Sent. Tr. 10)[2]

During the Change of Plea hearing, Selvy was specifically advised of each of the charges pending against him, as well as the forfeiture allegation. (Plea/Sent. Tr. 4) In open court, Selvy waived his right to be charged by a Grand Jury in an Indictment and instead agreed to plead guilty to a Superseding Information. (Plea/Sent. Tr. 5) When Selvy's attorney announced that Selvy wanted to change his former pleas of "not guilty" to "guilty," this Court asked Mr. Selvy if that was his desire. Selvy replied, "[y]es, sir." (Plea/Sent. Tr. 6)

In regard to Selvy's comprehension of the terms of the 22-page Plea Agreement, this Court inquired as follows:

---

[1] A copy of the Plea Agreement, Guidelines Recommendations and Stipulations is a part of the record in this case as Document 54 on the Clerk of Court's Docket Sheet.

[2] The Change of Plea and Sentencing Transcripts are contained within a single volume. The Transcript will be referred to herein as (Plea/Sent. Tr. _____).

| | | |
|---|---|---|
| COURT: | Have you read this agreement? | |
| SELVY: | Yes, sir. | |
| COURT: | Have you gone over the agreement with your lawyer? | |
| SELVY: | Yes, sir. | |
| COURT: | Has he explained the contents of the agreement to you? | |
| SELVY: | Yes, sir. | |
| COURT: | Do you understand the contents of the agreement? | |
| SELVY: | Yes, sir. | |
| COURT: | Is there anything in here that you do not understand? | |
| SELVY: | I understand everything sir. | |

(Plea/Sent. Tr. 10-11)

**I.g.     Benefits Conferred on Selvy as a Result of the Plea Agreement**

As part of the Plea Agreement, Selvy agreed to plead guilty and the Government agreed that it would not seek to charge Selvy with any other violations of federal controlled substance laws relating to the facts in the Superseding Information. (Document 54 at ¶2.A.) The Government also promised to "refrain from filing a notice of enhancement for the defendant's prior felony controlled substance conviction," which would have "enhance[d] the statutory mandatory minimum term of imprisonment to 240 months, and enhance[d] the term of supervised release from five to ten years." *Id*.

Other than the statutory minimum and maximum sentences available, there were no restrictions on what sentence either party could request.

**I.h.     Selvy Expressed Satisfaction with Counsel**

During the Change of Plea hearing, Selvy informed this Court that he was satisfied with the representation he received from Steven C. Edelman. The following exchange occurred between this Court and Selvy:

> COURT: Mr. Selvy, you understand that at each stage of the criminal proceedings against you you are entitled to effective assistance from an attorney?
>
> SELVY: Yes, sir.
>
> COURT: And Mr. Edelman is a lawyer that you hired to represent you; is that right?
>
> SELVY: Yes, sir.
>
> COURT: Are you satisfied with the way he's handled your case?
>
> SELVY: Yes, sir.
>
> COURT: You have any gripes or complaints about the way he's represented you?
>
> SELVY: No, sir.
>
> COURT: Has he investigated the case to your satisfaction?
>
> SELVY: Yes, sir.
>
> COURT: Done basically everything you've asked him to do?
>
> SELVY: Yes, sir.
>
> COURT: No gripes or complaints?
>
> SELVY: Yes.

(Plea/Sent. Tr. at pp. 7-8)

### I.i. Waiver of Rights and Exception to the Waiver of Appeal

The Plea Agreement included a Waiver of Post-Conviction Rights section. (Document

54 at pp. 3-4) Relevant to Selvy's 2255 Petition is the waiver of appellate rights concerning nonsentencing issues, including pre-trial motions, as follows:

> (a) **Non-Sentencing Issues:** In the event the Court accepts the plea, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all non-jurisdictional issues including, but not limited to **any issues relating to pre-trial motions, hearings and discovery** and any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea.

(Document 54 at p. 4, Emphasis added)

The only exception to Selvy's waiver of appellate rights was with regard to postconviction claims regarding prosecutorial misconduct or ineffective assistance of counsel at the time of sentencing. (Document 54, ¶2.C.(2)) During the change of plea hearing, the District Court reviewed the appellate waiver provision, as follows:

> COURT: . . .you are giving up your right to bring an appeal **of all the proceedings that have taken place** except for the actual sentence imposed.
>
> SELVY: Yes, sir.
>
> COURT: So everything that has transpired through the taking and acceptance of this plea of guilty will not be subject to appeal. That's the end of it.
>
> You understand that, don't you?
>
> SELVY: Yes, sir.

(Plea/Sent. Tr. 11-12, Emphasis added) The Government attorney then clarified that Selvy was waiving his right to appeal the actual sentence imposed as long as the Court followed the recommendations of the parties and the District Court imposed a sentence within the sentencing guidelines range. (Plea/Sent. Tr. 13) Selvy affirmed that he understood. *Id*.

### I.j. Selvy Admitted Facts Supporting he Committed all Three Crimes Charged in the Superseding Information

This Court next asked the Assistant United States Attorney to "summarize the evidence that the government would prove if the case were to go to trial." (Plea/Sent. Tr. 15) The AUSA then read the factual stipulation from the Plea Agreement. (Plea/Sent. Tr. 15-20) The facts supporting the plea provided that as early as the Summer of 2006, and through approximately November 4, 2008, Selvy along with others did, knowingly and intentionally distribute marijuana on multiple occasions. On or about September 20, 2008, in an apartment in West Memphis, Arkansas, Selvy gave an individual fifteen pounds of marijuana. The marijuana was given to the individual with the understanding that the marijuana would be sold to people in Cape Girardeau County, Missouri. Both Selvy and the individual agreed that the individual owed Selvy $12,000 for the marijuana. The individual paid Selvy a total of $9,000 toward the drug debt between October 15 and November 2, 2008. (Plea/Sent. Tr. 15-17; Document 54 at pp. 11-12)

In regard to Count II, Selvy admitted that on December 11, 2008, he was at the previously mentioned apartment in West Memphis, Arkansas. On that day, while in the kitchen of the apartment, Selvy placed more than one kilogram of heroin and approximately ten pounds of marijuana in plastic packages that were heat sealed. Selvy wore latex gloves while he was packaging the controlled substances. Selvy intended for the heroin and marijuana to be distributed to other individuals in the state of Missouri. (Plea/Sent. Tr. 17; Document 54 at p. 12)

When Selvy arrived at the apartment on December 11, he parked a 2006 Nissan

Pathfinder with the rear of the vehicle facing the garage door that was attached to the apartment. When the packages were all sealed, using a magnet, Selvy released the control mechanism for a large hidden compartment within the Pathfinder and the packages were placed in the hidden compartment. While the Pathfinder was registered in another man's name, Vincent Davis, Selvy had previously provided the funds for the purchase of the vehicle and was the primary user of the Pathfinder. (Plea/Sent. Tr. 18; Document 54 at pp. 12-13)

The next day, December 12, 2008, Davis drove Selvy and the controlled substances from Arkansas to Cape Girardeau, Missouri in the Pathfinder. A Missouri State Highway Patrol Officer stopped the Pathfinder for a traffic violation at one of the Interstate 55 exits in Cape Girardeau. Selvy was the only passenger in the vehicle. Davis consented to a search of the vehicle and a canine alerted to the presence of controlled substances. A search of the Pathfinder revealed the hidden compartment, which contained 1.069 kilograms of heroin and 4.48 kilograms of marijuana. In exchange for driving the Pathfinder while it was loaded with controlled substances, Selvy was going to pay Davis $1,500. (Plea/Sent. Tr. 18; Document 54 at p. 13)

In regard to Count III, Selvy admitted that on September 21, 2006, he purchased the real estate located at 330 South Middle Street, Cape Girardeau, Missouri, by utilizing three separate cashier's checks, in amounts under $10,000, that represented the proceeds of unlawful distribution of controlled substances. When Selvy purchased the real estate known as 330 South Middle Street, Cape Girardeau, he knew the cashier's checks represented the proceeds derived from unlawful sales of controlled substances. The use of the three cashier's checks in amounts less than $10,000 was structured and intended by Selvy in whole or in part to avoid a transaction reporting requirement under State or Federal law. (Plea/Sent. Tr. 19-20; Document 54 at pp. 13-

14)

This Court asked Selvy whether everything the prosecutor said was "true and accurate," and the following exchange occurred:

> SELVY:   Yes, sir.
>
> COURT:   No question about it?
>
> SELVY:   No question.
>
> COURT:   You admit that you engaged in all the conduct that [was] described?
>
> SELVY:   Yes, sir.
>
> COURT:   No question about that either?
>
> SELVY: No sir.

(Plea/Sent. Tr. 21)

Following the review of the factual basis for the plea, Selvy admitted each element of all three offenses. (Plea/Sent. Tr. 22-24) This Court then asked, "[a]nd as to each of these three charges are you pleading guilty because you are guilty?" Selvy replied, "[y]es, sir." (Plea/Sent. Tr. 24) This Court then stated:

> . . .the Court will accept your waiver of indictment and the Court finds
> that you are competent to enter this plea of guilty to the three charges.
> The Court further finds that the plea of guilty is entered into freely,
> knowingly and voluntarily and, further, that you have admitted the
> essential elements of the crimes charged.

(Plea/Sent. Tr. 24)

### I.k.   Selvy Sentenced to 188 Months Imprisonment

On September 11, 2009, this Court conducted a sentencing hearing. At the conclusion of

that hearing, Selvy was sentenced to a term of 188 months imprisonment. Selvy forfeited $35,000 on that same date. He was also ordered to pay a $300 special assessment and to serve a period of four years supervised release after serving his sentence of imprisonment.

### I.l. Selvy Filed a Notice of Appeal, Eighth Circuit Affirmed Selvy's Conviction

Selvy filed a Notice of Appeal on September 17, 2009, claiming that the entry of his guilty plea and waiver of appellate rights was unknowing and involuntary; and (2) that the Government breached the Plea Agreement. The Eighth Circuit, in *United States v. Tracy Lee Selvy*, 619 F.3d 945 (8th Cir. 2010), affirmed the conviction on August 30, 2010. Relevant to Selvy's 2255 Petition, the Eighth Circuit held:

> that the Government did not breach the plea agreement. We further find that because the plea agreement cannot be fairly read to support Selvy's contentions, Selvy entered into the agreement, including the appeal waiver, knowingly and intelligently.

*Selvy*, 619 F.3d at 950. On April 18, 2011, the United States Supreme Court denied Selvy's petition for writ of certiorari. *Tracy Lee Selvy v. United States*, 131 S.Ct. 2098 (2011). Selvy then filed this motion pursuant to 28 U.S.C. §2255.

### II. Need for an Evidentiary Hearing and Burden of Proof

28 U.S.C. §2255 provides, in pertinent part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing §2255 Proceedings for the United States District Court states:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to

whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under §2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self interest and characterizations, discredited inventions, or opprobrious epithets. *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). A hearing is unnecessary when a Section 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and the records of the case. Id. at 225-6. See also *United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. United States v. Schmitz, 887 F.2d 843, 844 (8th Cir. 1989); *Dall v. United States*, 957 F.2d 571, 573 (8th Cir. 1992).

**III.     Burden of Proof- Ineffective Assistance of Counsel**

In order to prevail on a theory of ineffective assistance of counsel, the Movant must demonstrate two separate things:   that counsel's representation fell below an objective standard of reasonableness (was constitutionally deficient) , and secondly that counsel's deficient

performance materially and adversely prejudiced the outcome of the case. *Furnish v. United States of America*, 252 F.3d 950, 951 (8th Cir. 2001) While counsel has a duty to make reasonable investigations and decisions, "in determining whether counsel's performance was deficient, the court should 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Collins v. Dormire*, 240 F.3d 724, 727 (8th Cir. 2001), citing *Strickland*, 466 U.S. at 689.

In order to prove that counsel's error was prejudicial, Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability has been described as "a probability sufficient to undermine confidence in the outcome." *Id*. However, the reviewing court need not address the issue of counsel's performance if it determines that the movant "suffered no prejudice from the alleged ineffectiveness." *Pryor v. Norris*, 103 F.3d 710, 712 (8th Cir. 1997).

### IV. Effect of Guilty Plea on Appealable Issues

A defendant who enters a plea of guilty thereby waives his right to request relief under 28 U.S.C. §2255 with the exception of those issues related to jurisdiction only. *See*, e.g., *Hill v. United States*, 928 F.2d 303 (8th Cir. 1991); *United States v. Stewart*, 972 F.2d 216, 217-18 (8th Cir. 1992); *Smith v. United States*, 876 F.2d 655, 657 (8th Cir. 1989). In the context of a guilty plea, to demonstrate prejudice Movant must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

When a guilty plea is delivered by the Movant, the focus of a collateral attack must remain limited to the nature of counsel's advice and the voluntariness of the plea. *Bass v. United*

*States*, 739 F.2d 405, 406 (8th Cir. 1984) citing *Tollett v. Henderson*, 411 U.S. 258, 266, 93 S.Ct. 1602, 1607 (1973). A guilty plea operates as a break in the chain of events of the criminal process. *Tollett,* 411 U.S. at 267. Once a criminal defendant solemnly professes his guilt before the court, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.* Only the voluntary and intelligent character of the guilty plea may be attacked. *Id.* Although the *Tollett* decision concerned state prisoner habeas corpus petitions, the Eighth Circuit adopted and applied its rationale to motions under Section 2255. *Bass*, 739 F.2d at 406.

Even a defendant's reliance on his counsel's opinion as to the calculation of defendant's sentence would not make a defendant's plea involuntary, where the record reveals that the defendant was fully informed and knowingly and voluntarily pleaded guilty. *See Hollis v. United States*, 687 F.2d 257, 260 (8th Cir. 1982); *Roberson v. United States*, 901 F.2d 1475, 1478 (8th Cir. 1990).

In *Marquez v. United States*, 2008 WL 4642859, \*3 (E.D.Mo. 2008) (unpublished), the defendant repeatedly declared in public (in his waiver of pre-trial motions, at the pre-trial motion hearing, and pursuant to the terms of the plea agreement) that he intended to waive his right to file pretrial motions and the District Court found no evidence of prejudice resulting from the defense attorney's failure to file pre-trial motions. The District Court concluded that Marquez failed to establish that absent his counsel not filing pre-trial motions, he would have insisted on proceeding to trial. *Id*.

V. **DISCUSSION**

A. **Seizure of Evidence Was Constitutional.**

Selvy argues that his counsel was ineffective for failing to file a motion to suppress the evidence found in a vehicle occupied by Selvy and Vincent Davis on December 12, 2008. In addition, Selvy alleges that his attorney did not receive all of the police reports concerning the traffic stop of that vehicle. (§2255 Memo, p. 4)

Selvy's claims are completely without a basis in fact. While Selvy's attorney filed a Motion to Suppress the Evidence in this case, after engaging in plea negotiations with the Government, Selvy decided to waive pre-trial motions and enter a guilty plea.

The facts admitted by Selvy at the Change of Plea hearing were that the driver of the Nissan Pathfinder was stopped for a traffic violation. It is axiomatic that the existence of a traffic violation justifies a traffic stop without violating the driver's Fourth Amendment rights. *See*, *United States v. Herrera-Martinez*, 354 F.3d 932, 934 (8th Cir. 2004); *United States v. Pereira-Munoz*, 59 F.3d 788, 791 (8th Cir. 1995). Police officers may stop a vehicle for any traffic violation, however minor. *See*, *United States v. Brown*, 345 F.3d 574, 578 (8th Cir. 2003) (speeding); *United States v. Linkous*, 285 F.3d 716, 719 (8th Cir. 2002) (following too close); *United States v. Beatty*, 170 F.3d 811, 813 (8th Cir. 1999) (no working light illuminating license plate).

Additionally, Selvy admitted that there was a canine sniff of the Pathfinder. A canine sniff on the exterior of a vehicle during a lawful traffic stop does not implicate legitimate privacy interests. *Illinois v. Caballes*, 543 U.S. 405, 409 (2005). A canine alert gives rise to probable cause to search a vehicle without obtaining a search warrant. *United States v. $404,905.00 in U.S. Currency*, 182 F.3d 643, 647 (8th Cir. 1999).

The facts admitted by Selvy at the Change of Plea Hearing and in the Plea Agreement

were as follows:

> A Missouri State Highway Patrol Officer stopped the Pathfinder for a traffic violation at one of the Interstate 55 exits in Cape Girardeau. Selvy was the only passenger in the vehicle. Davis consented to a search of the vehicle and a canine alerted to the presence of controlled substances.

(Document 54 at p. 13) While Davis consented to a search of the Pathfinder that was registered in his name, a dog alerted to the presence of controlled substances as the result of an exterior sniff of the vehicle before the search of the vehicle was conducted. In his 2255 Petition, Selvy suggests that he had standing to object to the search, which has no bearing on the fact that the officers present at the scene of the traffic stop had probable cause to search the vehicle based on the canine's alert to the presence of controlled substances in the Pathfinder.

Selvy also alleges that his original counsel, John P. Rogers, did not receive, or provide him with a copy of the "arrest report by Missouri State highway patrol corporal Douglas M. McDaniel," dated December 12, 2008." In the Government's Amended Response to Court's Order Concerning Rule 12(b) Disclosure (Document 22), "Written Records Containing Substance of Oral Statements," were identified as including "Report of MSHP Cpl. Douglas M. McDaniel" dated December 12, 2008, a copy of which has been provided to defense counsel. *See*, Document 22 at p. 2. Furthermore, it is quite clear that Selvy's counsel received a copy of that report, because in the Motion to Suppress that was filed on February 10, 2009, counsel alleged numerous details regarding Cpl. McDaniel's involvement in the December 12, 2008 search. *See*, Section I.b., above, or Document 26 at pp. 2-3.

In order to prevail on a theory of ineffective assistance of counsel, Selvy must demonstrate two separate things; that counsel's representation fell below an objective standard of

reasonableness (was constitutionally deficient) , and secondly that counsel's deficient performance materially and adversely prejudiced the outcome of the case. *Furnish v. United States of America*, 252 F.3d 950, 951 (8th Cir. 2001) Here, Selvy can show neither.

Selvy's original counsel initially filed a Motion to Suppress Evidence, however, after entering into plea negotiations, which include Selvy's agreement to plead guilty to two charges that had nothing to do with the December 12, 2008 traffic stop, Selvy ultimately decided he did not want to exercise his right to a pre-trial motion hearing. Furthermore, as outlined above--the law applying to traffic stops and canine sniffs, as well as the facts admitted by Selvy in the Plea Agreement and at the Change of Plea Hearing--Selvy had no chance of winning the motion. No other reasonable attorney could have changed the outcome, in that the facts are the facts. Nothing in Selvy's attorney's representation of him in that respect could have possibly prejudiced the outcome of his case.

Because the record clearly reflects that there is no merit to these allegations, this ground for relief will also be dismissed without the necessity of further any proceedings.

## CONCLUSION

For the foregoing reasons, Selvy's § 2255 motion is **DENIED**.

Dated this 3rd day of July, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE